UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23724-CIV-O'SULLIVAN

[CONSENT]

VICTOR TUDELA,

      Plaintiff,

vs.

BEST COPIER SUPPLIES, LLC, a
Florida Limited Liability Company, and
MARIA HERNANDEZ, individually,

      Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Verified Declaration of Non-Compliance and Motion for Entry of Final Judgment (DE# 31, 12/20/10) filed by the plaintiff. Rule 7.1(c), Local Rules for the United States District Court for the Southern District of Florida, provides in pertinent part:

> [E]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default.**

S.D. Fla. L.R. 7.1 (c) (emphasis added).

On December 20, 2010, the plaintiff filed the instant motion. See Verified Declaration of Non-Compliance and Motion for Entry of Final Judgment (DE# 31, 12/20/10). The defendants' response was due on January 6, 2011. The defendants did not file a response. On January 10, 2011, the Court issued an Order (DE# 32) requiring the defendants to file a response no later than January 24, 2011. See Order (DE# 32,

1/10/11). The Court's Order warned the defendants that "[t]he failure to file a response may result in an order granting the instant motion in its entirety." Id. As of the date of this Order, no response has been filed. Although the Local Rules permit the Court to granted the plaintiff's motion by default, the Court will address the merits of the plaintiff's motion.

The Court has jurisdiction over the instant motion. On December 15, 2009, the plaintiff filed a complaint against the defendants alleging minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., a claim for unpaid wages under section 448 of the Florida Statutes and a claim for declaratory relief. See Complaint (DE# 1, 12/15/09). On March 15, 2010, the parties participated in a settlement conference before the undersigned. See Minute Entry (DE# 25, 3/15/10). The parties were able to resolve the plaintiff's claims at the settlement conference. Id. Following the settlement conference, the undersigned conducted a fairness hearing wherein the undersigned approved the terms of the settlement and recommended that the Court retain jurisdiction until February 15, 2012 to enforce the settlement terms. See Order Approving Settlement Agreement and Recommending That the Case Be Dismissed with Prejudice (DE# 24, 3/15/10). During the fairness hearing the parties consented to magistrate judge jurisdiction on any enforcement issues. Id. at 2. On March 18, 2010, Judge Huck issued an Order approving the settlement agreement and dismissing the case. See Order Approving Settlement Agreement and Dismissing Case (DE# 26, 3/18/10). Judge Huck's Order stated that the Court retained jurisdiction until April 16, 2010 to enforce the settlement agreement. Id. On March 19, 2010, Judge Huck entered an Order of Modification (DE# 27, 3/19/10) indicating that the Court would

retain jurisdiction until August 15, 2010 to enforce the settlement terms. On the same day, Judge Huck also issued an Order of Modification and Referral (DE# 28, 3/19/10). Judge Huck's Order (DE# 28) referred the case to the undersigned. See Order of Modification and Referral (DE# 28, 3/19/10). Judge Huck's Order further stated "Judge O'Sullivan shall retain jurisdiction over the matter for that period of time which he deems appropriate, and shall not be bound by this Court's prior pronouncements prescribing particular dates on which jurisdiction shall cease." Id. On March 22, 2010, the undersigned issued an Order retaining jurisdiction until February 15, 2012 to enforce the settlement. See Order (DE# 29, 3/22/10). Therefore the undersigned has jurisdiction over the instant motion.

In March 2010, the parties entered into a written Settlement Agreement and General Release (hereinafter "Settlement Agreement"). See Settlement Agreement (DE# 31-1, 12/20/10). Pursuant to the terms of the Settlement Agreement, the defendant was to pay the plaintiff a total of $11,000 in monthly installments of $500. Id. at 1, 4. The Settlement Agreement further provided that "[i]n the event that the default is not cured before Plaintiff files for a default judgment, the Plaintiff shall be entitled to a default judgment against defendants in the amount of double the unpaid balance of the settlement amount." Id. at 5. At the time of the default, the defendants had made $2,500 in payments and owed the plaintiff $8,500. See Verified Declaration of Non-Compliance and Motion for Entry of Final Judgment (DE# 31 at 3, 12/20/10). Accordingly, the plaintiff is entitled to a default judgment in the amount of $17,000, twice the amount owed. Based on the foregoing, it is

ORDERED AND ADJUDGED that the Verified Declaration of Non-Compliance

and Motion for Entry of Final Judgment (DE# 31, 12/20/10) is **GRANTED**. A final judgment will be entered by separate order in accordance with FED. R. CIV. P. 58.

**DONE AND ORDERED** in Chambers at Miami, Florida this **25th** day of January, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record